### ESPINO *v.* FRIAS.

### APPEAL from the District Court of Humacao.

No. 139.—Decided December 19, 1904.

OBLIGATIONS—LOANS.—When money or any other thing which is capable of being consumed or used up is received as a loan, the person so receiving the same acquires the ownership thereof, and he becomes bound to return to the creditor an equal amount of the same kind and quality.

ID.—EFFECTIVENESS OF OBLIGATIONS.—Obligations contracted by persons capable

of executing contracts are binding, provided the existence of such obligations be shown by any of the methods of proof recognized by the law.

ID.—EVIDENCE.—Where the authenticity of a signature appearing at the end of a document is proved, the existence and validity of the obligations contained therein are also proved thereby.

EVIDENCE—PUBLIC INSTRUMENTS.—Public instruments are evidence of the facts which may have brought about the execution thereof.

OBLIGATIONS—DAMAGES AND LOSSES—DELAY—LEGAL INTEREST.—Where an obligation consists in the payment of a sum of money, and the debtor fails to pay the same when due, indemnity for damages and losses in the absence of an agreement shall consist of the payment of legal interest.

COSTS.—Costs shall be taxed against the party whose demands have been in all things denied.

### STATEMENT OF THE CASE.

The hearing was had in this action, which was a case prosecuted in the District Court of Humacao by the plaintiff, Faustino Espino Cobián, a clerk, against the defendant, Ramón Frias Noya, a property owner, both residents of this city and each litigating in his own right, the former being represented before this Supreme Court by Attorney Rafael Tirado, and the latter being first represented by Attorney Tomás Bernardini and later by Rafael López Landrón, Esq., for the recovery of a money debt. The case is pending before us on an appeal taken by the defendant from a judgment rendered by the said court, which reads as follows:

" Judgment. In the city of Humacao, on August 8, 1903, an oral and public hearing was had in the declaratory action prosecuted by the plaintiff, Faustino Espino Cobián, of legal age, single, a clerk and a resident of this city, represented first by Attorney José María Cuadra and at the trial by Rafael Tirado Verrier, against the defendant, Ramón Frías Noya, a resident of the same place, married, of legal age and a property owner, represented by Attorney Tomás Bernardini de la Huerta, for the recovery of a debt.

"Faustino Espino Cobián filed a complaint against Ramón Frías y Noya, basing the same on the fact that the said Frías owed him the sum of 600 *pesos* provincial money, equivalent to $300, according to an instrument executed in his favor on July 28, 1899, and that the said Frías subsequently and on August 26, 1901, signed a promissory note for $59.40, which became due in September of the same year,

which sums have not been paid; that in October of this year he obtained an attachment upon the property of his debtor, and he prays the court that Ramón Frías y Noya be adjudged to pay him the sum of $419.19, principal and legal interest from the date of the filing of the complaint, and costs, and that the court ratify the attachment levied.

" The complaint having been admitted and the attachment ratified, notice of the complaint was served upon the defendant, who failed to answer the same within the period prescribed by law. He was therefore declared in default by an order of January 31st of last year, and a day having been set for the appearance of the parties for the introduction of evidence, Attorney Pedro de Aldrey y Montolio appeared on behalf of the plaintiff and proposed as documentary evidence both private and public instruments, and as supplementary evidence comparison of handwriting and expert testimony, the expert being designated at a session held March 26, 1902.

"By a writing dated April 23d of the same year, Attorney Tomás Bernardini appeared of record on behalf of and representing the defendant, Ramón Frías y Noya, he being considered as a party by an order made on the same date.

"A day having been set for the oral trial, the same was held on yesterday, Attorneys Rafael Tirado Verrier and Bernardini, respectively representing the plaintiff and defendant, being present. The expert, Avelino C. Peña, made a comparison of the signature of R. Frías affixed to the private document signed August 26, 1901, with those appearing on folio 11 and the back of folio 19 of the record, and of the authenticity of which there was no doubt. Thereupon counsel for the parties made such oral arguments as they deemed proper in support of their claims set out in their respective pleadings.

" In the conduct of this proceeding the rules of procedure have been complied with.

"Associate Judge Ramón Quiñones prepared the judgment herein.

"When a thing is received by way of a loan, whether it is money or anything capable of being used up or consumed, the person so receiving the same acquires the ownership thereof and he becomes bound to return an equal amount of the same kind and quality.

"Obligations contracted by persons capable of contracting are binding, provided the existence of such obligations be shown by any of the methods of proof recognized by law.

" The signature being the most important requisite to the validity of every written obligation, the plaintiff has proved by the expert

testimony the authenticity of the signature of the defendant, which appears at the end of the handwritten document upon which the demand is based and the authenticity of which has not been denied by the defendant, who has done nothing to disprove the allegations made by the plaintiff with respect to the truth of the existence and the legality of the obligation set out in the said document.

" Public instruments are proof of the facts which bring about their execution, and Ramón Frías y Noya, by virtue of the instrument evidencing the loan executed July 28, 1899, and which in itself serves as the basis for the complaint, having bound himself to pay the plaintiff, Faustino Espino Cobián, on October 28, 1900, the amount of the loan, which is 600 *pesos* of the money then in circulation, and the time having expired, the obligation of the debtor to make payment of the debt, the existence of which is shown by the said document, is evident.

" The defendant has introduced no evidence whatever which can affect the validity of the obligations described in the promissory note and the instrument evidencing the loan, which documents serve as the basis for the demand made by the plaintiff.

"Where an obligation consists in the payment of a sum of money and the debtor fails to pay within the time agreed upon, indemnity for losses and damages, in the absence of an agreement, shall consist of legal interest on the debt.

" Costs should be taxed against the party whose demands are in all things denied.

" In view of the provisions of sections 1088, 1091, 1110, subdivision 1 of section 1113, sections 1156, 1215, 1254, 1740 and 1753 of the Civil Code, and rules 63 and 65 of General Orders No. 118, we adjudge that we should sustain and do sustain the complaint, and that we should condemn, and do condemn, Ramón Frías Noya to pay to Faustino Espino Cobián the sum of $419.40, with legal interest from the date upon which the complaint was filed, and the costs of this proceeding to be taxed against the defendant.

" Thus by this our judgment do we pronounce, command and sign. Salvador Fulladosa, Ramón Quiñones, Charles E. Foote."

Notice of the foregoing judgment having been served upon counsel for the defendant he took an appeal therefrom, which was allowed, and the record was sent up to this Supreme Court after citation of the parties.

The parties having entered their appearance; counsel for

appellant, made a motion in the proper manner, asking that the case be opened for the introduction of evidence, basing the said motion upon subdivision 5 of section 1861 of the Law of Civil Procedure and upon the provisions of the Law of the Legislative Assembly of this Island which changed this court into a court of appeals, and although he was granted that right notwithstanding the opposition of the adverse party, he allowed the term within which it should have been introduced to expire without having offered the same, and a day was set for the hearing, which took place on the 14th inst., only counsel for the appellant being present and making an oral argument.

*Messrs. Bernardini, López Landrón* and *José de Guzmán Benítez,* for appellant.

*Mr. Tirado,* for respondent.

Mr. Justice Figueras, after stating the foregoing facts, delivered the following opinion of the court:

The findings of fact and conclusions of law contained in the judgment appealed from are accepted.

Costs should be taxed against the appellant.

In view of the legal provisions herein cited we adjudge that we should affirm, and do affirm, the judgment rendered by the District Court of Humacao on October 8, 1903, sustaining the complaint and adjudging Ramón Frías Noya to pay to Faustino Espino Cobián the sum of $419.40 and legal interest from the date upon which the complaint was filed, and we also condemn the appellant Noya to pay all the costs.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Mac-Leary, and Wolf concurred.